# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**STEPHEN M. PAGE,**

    **Plaintiff,**

**v.**                                                                      **Civil Action No. 3:07cv126**
                                                                         **(Judge Bailey)**

**FEDERAL BUREAU OF PRISONS,**

    **Defendant.**

## ORDER GRANTING APPLICATION FOR LEAVE
## TO PROCEED IN FORMA PAUPERIS

Plaintiff initiated this case *pro se* on September 18, 2007, by filing a civil rights complaint. This case is before the Court on the plaintiff's Motion to Proceed in Forma Pauperis, Application for Leave to Proceed Without Prepayment of Fees, executed Consent to Collection of Fees form, and Prisoner Trust Account Report, with attached ledger sheets.

Title 28 U.S.C. § 1915 requires prisoners to pay the full $350.00 filing fee when bringing a civil action in forma pauperis. 28 U.S.C. § 1915 (b)(1) (1996). If, however, insufficient funds exist in the prisoner's account to pay the full fee at the time of filing, the court must assess and, when funds exist, collect an initial filing fee of twenty percent (20%) of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the prior six month period. Id. Thereafter, the prisoner is required to make monthly payments of twenty percent of the preceding month's income. Id. The agency having custody of the prisoner must forward payments from the prisoner's account to the Clerk each time the amount in the account exceeds $10.00 until the $350 filing fee is paid in full. Id.

Because the plaintiff had insufficient funds in his prison trust account to pay the full filing

fee at the time this case was filed, the plaintiff's Motion to Proceed In Forma Pauperis (dckt. 2) and Application to Proceed Without Prepayment of Fees (dckt. 5) are **GRANTED**.  Moreover, the plaintiff's trust account statement shows that although the average monthly deposits in the plaintiff's inmate account for the six months preceding the filing of this action were $8.22, at the time this case was filed, the plaintiff had a lien against his inmate account for over $300.  Accordingly, no initial partial filing fee will be required at this time.  However, consistent with the provisions of 28 U.S.C. § 1915, this Court hereby **ORDERS** that:

    1.  A copy of this Order shall be forwarded to the Trustee Officer of the institution having custody of the plaintiff along with a copy of the executed consent to collection of fees from trust account form.  Pursuant to the plaintiff's executed consent to collection of fees form, the Trustee Officer shall automatically make monthly assessments upon the plaintiffs' trust account of 20% of the preceding month's income toward the filing fee and shall forward such assessments to the Financial Deputy Clerk in the form of a check or money order at the above-mentioned address each time the amount in the account exceeds $10.00, until the $350 filing fee is paid in full.  Payments shall be clearly marked with the name and number assigned to this case.  When the filing fee is paid in full, the Financial Deputy of Court shall file a notice so stating;

    2.  Any recovery in this case will be subject to an applicable service of process fee assessed by the United States Marshal;

    3.  Plaintiff shall immediately notify the Clerk upon his transfer or release and shall provide a new address if known.  **Failure to notify the court of a change of address may result in the dismissal of this case;**

    4.  In the event that the defendants are ordered to respond to the complaint, the United States Marshal Service will be ordered to serve the complaint.

IT IS SO ORDERED.

The Clerk is directed to mail copies of this Order to the *pro se* plaintiff, the Financial Deputy Clerk, and the Trustee Clerk of the institution having custody of the plaintiff.

DATED: October 3, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE