IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**STEPHEN MICHAEL PAGE,**

      **Plaintiff,**

**v.**                                                 **Civil Action No. 3:07cv126**
                                                         **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Defendant.**


**ORDER SUBSTITUTING PROPER PARTY DEFENDANT
AND ORDER TO ANSWER**

On September 18, 2007, the *pro se* plaintiff initiated this Federal Tort action against the Bureau of Prisons ("BOP") for the negligent loss of property. In the complaint, the plaintiff asserts that certain property was not returned to him upon his release from the Special Housing Unit ("SHU") while incarcerated at the Hazelton Penitentiary. Plaintiff was granted permission to proceed as a pauper on October 3, 2007. This case is before the undersigned for an initial review pursuant to LR PL P 83.02 and 28 U.S.C. §§ 1915A and 1915(e).

**I.   Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or

malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Analysis

### A. Proper Defendant in a Federal Tort Action

Pursuant to 28 U.S.C. § 2679, a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment. Moreover, a federal agency cannot be sued under the Federal Tort Claims Act ("FTCA"). See Duncan v. Department of Labor, 313 F.3d 445, 447 (8th Cir. 2002). Thus, the BOP is not the appropriate defendant in this action and the **United States is hereby SUBSTITUTED** as the proper party defendant. The Clerk is directed to make the appropriate change to the docket.

### B. Plaintiffs' Tort Claim

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because

---

[1] Id. at 327.

2

all of the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case. In West Virginia,

> every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish . . . three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries suffered thereby, resulting proximately from the breach of that duty.

Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W.Va. 1939).

With regard to federal prisoners, the BOP owes a duty to provide suitable quarters, and to provide for an inmate's safekeeping, care, and subsistence. 28 U.S.C. § 4042(a). This duty has been interpreted as one of "reasonable care." See McNeal v. United States, 979 F.Supp 431 (N.D.W.Va. 1997); Burdette v. Burdette, 127 S.E.2d 249 (1962).

Here, the plaintiff asserts that BOP staff lost or misplaced his property. According to the plaintiff, that property was valued at approximately $500. The plaintiff's claim appears to be exhausted.

## III. Conclusion

Based upon a preliminary review of the complaint, the undersigned finds that summary dismissal of the plaintiff's claim is not appropriate at this time. Accordingly, the **Clerk is directed** to forthwith issue a **60 day summons** for the United States Attorney's Office for the Northern District of West Virginia and the Attorney General of the United States. See Fed.R.Civ.P. 12(a)(3)(A). **Service shall be made** upon the United States by sending a copy of this Order, a copy of the complaint, and a completed summons to the United States Attorney for the North District of West Virginia and the Attorney General of the United States in Washington, D.C., by certified United States mail, return receipt requested.

The plaintiff has **thirty (30) days** from the date a response is filed to file a reply. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, no other pleadings will be accepted without the express order of the court upon a timely motion duly made. Fed.R.Civ.P. 7(a) ("There shall be a complaint and an answer . . . [n]o other pleading shall be allowed, except that the court may order a reply to an answer . . .").

IT IS SO ORDERED.

The Clerk is also directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: October 10, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE