# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEPHEN MICHAEL PAGE,**

       **Plaintiff,**

**v.**                                                                             **Civil Action No. 3:07cv126**
                                                                                     **(Judge Bailey)**

**UNITED STATES OF AMERICA**

        **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On September 18, 2007, the *pro se* plaintiff initiated this case by filing a complaint pursuant to the Federal Tort Claim Act ("FTCA") for the negligent loss of property. On October 3, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. On October 10, 2007, the undersigned conducted a preliminary review of the complaint, determined that summary dismissal was not appropriate at that time, and directed the defendant to file an answer.

On December 17, 2007, the defendant filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. The Court therefore issued a <u>Roseboro</u> Notice on December 19, 2007.

On January 14, 2008, the plaintiff filed his response to the defendant's motion.

On February 4, 2008, the defendant filed a reply to the petitioner's response in which it asserts that subsequent to the filing of this case, the United States Supreme Court has determined that the sovereign immunity of the United States is not waived in tort cases involving inmate property claims asserted against Bureau of Prisons officials. Thus, the defendant asserts that this Court does not have jurisdiction to entertain this action and that it's motion to dismiss should be granted.

On March 5, 2008, the plaintiff filed an Objection and Motion to Vacate Defendant's Successive Secondary Response.

This case is now before the undersigned for a report and recommendation pursuant to LR PL P 83.01, et seq.

## II. The Complaint

In the complaint, the plaintiff asserts that on May 1, 2006, he was written an incident report and placed in the Special Housing Unit ("SHU") while incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia. During his transfer, the plaintiff contends that staff negligently handled his personal property resulting in some of the property being lost, destroyed or stolen. The plaintiff filed an Administrative Tort Claim seeking $500.00 for the alleged loss of personal property, including items of clothing, food, personal hygiene, and other items. The plaintiff's claim was denied on May 31, 2007.

## III. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for

2

summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.    Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. Analysis

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Despite this limited waiver, FTCA § 2680(c) expressly preserves sovereign immunity for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(a) (2006)(emphasis added). In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer sovereign immunity upon Bureau correctional officers moving inmates' property because such officers are not acting in a tax or customs capacity. Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006).

However, since the filing of this action, the United States Supreme Court has determined that this exception preserves sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. Ali v. Fed.

4

Bureau of Prisons, No. 06-9130, 2008 WL 169359 (Jan. 22, 2008).[1]  Accordingly, this Court does not have jurisdiction to entertain this action, and the plaintiff's complaint should be dismissed.

## V.    Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary (dckt. 16) be **GRANTED** and the plaintiff's complaint be **DISMISSED with prejudice** for lack of jurisdiction. Moreover, the plaintiff's Objection and Motion to Vacate Defendant's Successive Secondary Response (dckt. 24) should be **OVERRULED** and **DENIED**.  The defendant's reply to the plaintiff's response was for the purpose of alerting the Court to new and controlling Supreme Court caselaw affecting the Court's jurisdiction over the subject matter of this case.  Therefore, the filing of the defendant's secondary response was not appropriate, but necessary.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[1] In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky.  Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy.  When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record by electronic means.

DATED: April 25, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE